IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALAN CHAMNESS                                                                          PLAINTIFF


        v.                                        CASE NO.        13-2162


CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision

of the Commissioner of Social Security Administration (Commissioner) denying his claim for a

period of disability and disability insurance benefits (DIB) and supplemental security income

("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial

review, the court must determine whether there is substantial evidence in the administrative

record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).


## I. Procedural Background:

The plaintiff filed an applications for SSI on June 2, 2010, alleging an onset date of June

1, 2009, due to plaintiff's advanced cirrhosis (T. 151). Plaintiff's applications were denied

initially and on reconsideration. Plaintiff then requested an administrative hearing, which was

held on September 6, 2011. Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 54 years of age and possessed a

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

12th grade education.  The Plaintiff  had past relevant work ("PRW") experience as a dairy stocker, general laborer, and warehouse employee  (T. 152).

On January 24, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's cirrhosis of the liver and anxiety disorder did not meet or equal any Appendix 1 listing.  T. 15.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform medium work involving no more than incidental contact with co-workers, supervisors, or the general public.  T. 17.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform his past relevant work as a Highway Maintenance Worker. T. 22.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

### A.  Step Two Analysis:

The Plaintiff contends the ALJ committed error in failing to find that his numbness in his leg, tremors in his hands, muscle wasting and atrophy, and varicose veins constituted a severe

impairment. (ECF No. 12, pp. 9-10).

Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) At step two of the sequential evaluation process, the claimant bears the burden of proving that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431. A slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities is not a severe impairment. SSR 96-3p, 1996 WL 374181 (1996); SSR 85-28, 1985 WL 56856 (1985).

The only claim the Plaintiff advanced when he filed for disability was "advanced cirrhosis". (T. 151). The fact that the plaintiff did not allege the impairment as a basis for his disability in his application for disability benefits is significant, even if the evidence of the impairment  was later developed. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8th Cir. 2001).

The Plaintiff's activities of daily living also supported the ALJ's determination that the complaints of numbness, tremors, muscle wasting and atrophy, and varicose veins were not sever.  The Plaintiff acknowledged that he had no difficulties with personal care (T. 166), prepared his own meals, did housework, and cut the yard on a ridding lawn mower. (T. 167). He indicated he could walk, drive a car, and did his own shopping. (T. 168).  In addition the Plaintiff lived with and took care of his invalid father although he claims to have received help from his

sisters from time to time.

These activities do not support plaintiff's claim of disability.  *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor).

The court finds that the ALJ properly determined that the Plaintiff's numbness, tremors, muscle wasting and atrophy, and varicose veins were not severe.

## B.  Residual Functional Capacity:

At step four the ALJ determined that Plaintiff retained the residual functional capacity to perform medium level work, except that he was limited to work involving no more than incidental contact with co-workers, supervisors, or the general public (Tr. 17, Finding 4). See 20C.F.R. § 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighting up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work" ). Plaintiff complains that the ALJ did not consider all of his alleged impairments in the residual functional capacity determination. See Plaintiff's Appeal Brief (Pl.'s Br.) at 10.

### 1.  Credibility

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.'

" *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (C.A.8 (Ark.),2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

While it is commendable that the Plaintiff stopped drinking alcohol after he was diagnosed with cirrhosis of the liver he was repeatedly told to stop smoking as well by his treating physician. (T. 245, 212, 350, 263). Notwithstanding the admonition to quit smoking the Plaintiff continued to disregard the doctor's orders and smoke. (T. 350, 355, 362). In addition to the results of objective medical tests, an ALJ may properly consider the claimant's non-compliance with a treating physician's directions, *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir.2001), including failing to quit smoking. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir.1997); *Choate v. Barnhart* 457 F.3d 865, 872 (C.A.8 (Mo.),2006). See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001) (ALJ may properly consider noncompliance with medical treatment in weighing a claimant's credibility).

This court concludes that, because the ALJ gave several valid reasons for the ALJ's determination that Plaintiff was not entirely credible, the ALJ's credibility determination is

entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012);

###   2.  RFC Determination

 RFC is the most a person can do despite that person's limitations. 20 C.F.R. §
404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained
work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§
404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all
relevant evidence in the record.  *Id*.  This includes medical records, observations of treating
physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v.
Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th
Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the
assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth
Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v.
Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a
claimant's RFC must be supported by medical evidence that addresses the claimant's ability to
function in the workplace."  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering
medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  *Lauer v. Apfel*, 245
F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent
[claimant] is arguing that residual functional capacity may be proved only by medical evidence,
we disagree."). Even though the RFC assessment draws from medical sources for support, it is
ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§
416.927(e)(2), 416.946 (2006).

On June 1, 2009, Plaintiff was admitted into the St. Edward Mercy Medical Center (St. Edward), and examined by Emad A. Al Ghussain, M.D., for complaints of abdominal pain and swelling (Tr. 243-244). Dr. Ghussain reported that prior to the instant admission Plaintiff essentially had no medical history, he abused tobacco, had an extensive history of alcohol abuse, and continued to drink on a regular basis (Tr. 243). Dr. Ghussain reported the presence of edema in both legs, a slight tremor in the upper extremities, but his heart and lungs were normal (Tr. 243). Dr. Eduardo A. De Mondesert, M.D., gastroenterologist, performed a series of two paracentesis procedures to remove fluid from the abdomen, which relieved Plaintiff's abdominal pain (Tr. 244). Dr Dr. Ghussain diagnosed Plaintiff with alcoholic liver cirrhosis, alcohol abuse, and ascites (improving)4 (Tr.244). Prior to discharge, Dr. Ghussain prescribed medications for treatment of liver inflammation, mild hypothyroidism, and a multivitamin (Tr. 244). Also, Dr. Ghussain advised Plaintiff to stop abusing tobacco and alcohol, and referred him to William Dudding, M.D., family physician (Tr. 244).

On July 29, 2009, Plaintiff presented to William Dudding, M.D. (Tr. 280). On examination,  Dr. Dudding reported that Plaintiff looked older than his stated age, but that his abdomen had improved, and he found no point tenderness or ascites (Tr. 210). Plaintiff's lower extremities were free of clubbing, cyanosis and edema, which further indicated that his general health improved since his previous examinations by Dr. Ghussian (Tr. 211). Dr. Dudding advised Plaintiff to stop smoking, and noted that Plaintiff indicated that he had stopped abusing alcohol (Tr. 211).

In a follow up examination on August 28, 2009, Dr. Dudding reported that Plaintiff was free of gastrointestinal problems, but that his muscles were showing signs of atrophy because he

was not exercising (Tr. 282). Dr. Dudding also reported that Plaintiff was concerned because his parole officer required him to find a job (Tr. 282). The doctor gave Plaintiff a note to give to the parole officer which indicated that he was disabled due to cirrhosis (Tr. 282, 348). The ALJ properly discounted Dr. Dudding's note because the determination of disability is the responsibility of the ALJ (Tr. 21). *See Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010)(holding that opinions that a claimant is disabled or unable to work concern issues reserved to the Commissioner and are not the type of opinions which receive controlling weight).

A physical exam performed on September 17, 2009 found all of the Plaintiff's extremities to function within normal limits (T. 256), neurological reflexes were normal, and there was no muscle weakness or atrophy noted (T. 257). The Plaintiff had no limitations in limb function and his grip was 100%. (T. 257). The Physical RFC assessment performed by Dr. Norcross in October 2010 found the Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, he could sit, stand and/or walk for up to 6 hours in an 8 hour workday. He also found no limits on the Plaintiff's ability to push and/or pull. (T. 308). Dr. Norcross' opinion was reviewed and affirmed by Dr. Gardner on January 13, 2011. (T. 337).

The ALJ properly evaluated the opinions of a consulting physician and several treating physicians as to Plaintiff's residual functional capacity (RFC), *see Renstrom v. Astrue*, 680 F.3d 1057 at 1064 (treating physician's opinion does not automatically control); *Charles v. Barnhart*, 375 F.3d 777, 783 (8th Cir.2004) (generally when consulting physician examines claimant only once, his opinion is not considered substantial evidence); that Plaintiff failed to meet his burden of demonstrating his RFC, *see Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir.2012); and that the ALJ's decision that the Plaintiff could perform medium work except that he was limited to work

involving no more than incidental contact with co-workers, supervisors, or the general public was supported by substantial evidence.

## C. Vocation Expert

Based upon the hypothetical question presented to the VE she testified that the Plaintiff could return to his past relevant work as a Highway Maintenance Worker which was DOT 899.684-014. (T. 49).

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole."  Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228, 1230 (8th Cir.1994).   A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments. *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

ALJ's hypothetical to the vocational expert (VE) accounted for all of Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

**IV.  Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this July 8, 2014.


*/s/ J. Marschewski*

HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE